# SUMMONS

Index # *2017 - 2457*
Date Filed: *November 16, 2017*

---

STATE OF NEW YORK      SUPREME COURT   COUNTY OF SCHENECTADY

---

OSMAN DOGAN,                      Plaintiff,

-against-

KEYBANK, N.A.,                      Defendant.

---

To the above named Defendant:

    **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: November 15, 2017        HIGGINS, ROBERTS & SUPRUNOWICZ, P.C.


By: _Michael E. Basile_

Michael E. Basile, Esq., of Counsel
Attorneys for Plaintiff
1430 Balltown Road
Schenectady, New York 12309
OFFICE ADDRESS
(518) 374-3399
TELEPHONE NUMBER


Trial is desired in the County of Schenectady
The basis of venue designated above is that
Plaintiff resides in the County of Schenectady

*Otherwise specify basis for venue under CPLR Article 5

FILED
11/16/2017 10:57:14 AM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst. Num: 2017253061

Printed on recycled paper

STATE OF NEW YORK
SUPREME COURT    COUNTY OF SCHENECTADY

OSMAN DOGAN,                                         :

                              Plaintiff,             :    **COMPLAINT**

            -against-                                :    Index No. *2017 - 2457*

KEYBANK, N.A.,                                       :

                              Defendant.             :

Plaintiff, by and through his attorneys, Higgins, Roberts & Suprunowicz, P.C., hereby alleges as and for his Complaint against Defendant as follows:

## PARTIES

1.    Plaintiff Osman Dogan is, and at all relevant times was, an individual residing in the State of New York, County of Schenectady; to wit: 1374 Rowe Road, Niskayuna, NY 12309.

2.    Upon information and belief, Defendant KeyBank, N.A. is, and at all relevant times hereinafter was, a National Banking Association organized under the laws of the United States of America and chartered by the U.S. Comptroller pursuant to the National Bank Act of 1865, as amended, 12 USC§1 et. seq.

3.    At all relevant times, Defendant was doing business in the State of New York.

4.    At all relevant times, Defendant's activities in New York State were so systematic and continuous as to render it at home.

5.    The acts of which complaint is made occurred in the State of New York.

6.    Upon information and belief, Defendant transacted business in New York State at all relevant times.

7.    The acts of which complaint is made constitute a tortious act.

## FACTS SUPPORTING ALL CAUSES OF ACTION

8.    Sometime prior to November of 2003, Plaintiff and his late father Kemal Dogan opened a Passbook Savings Account - Account Number ▮▮▮8550 ("Account") - with Defendant KeyBank, N.A.

FILED
11/16/2017 10:57:14 AM
County Clerk
JOHN J. WOODWARD
SCHENECTADY COUNTY, NY
Inst #m: 2017252061

9.     The Account was a passbook savings account such that all transactions were recorded within the passbook issued by Defendant KeyBank, N.A. with respect to this account.

10.     A number of deposits were made to the account by Plaintiff and his late father.

11.     As of August 2, 2005, the Account had a balance of $325,963.58.

12.     There were no transactions in the Account after that date.

13.     Kemal Dogan died September 9, 2009.

14.     In the Spring of 2017, Plaintiff went to a local branch location of KeyBank, N.A. at the Westgate Plaza in Albany to withdraw $10,000.00 from the Account.

15.     At that time, the manager at that branch advised Plaintiff that the Account had been closed.

16.     The manager at that branch referred Plaintiff to The New York State Comptroller to pursue unclaimed funds and advised Plaintiff that the funds had been sent there.

17.     Plaintiff inquired at the office of the New York State Comptroller and was advised that no funds were deposited there by Defendant for Plaintiff or his late father.

18.     Plaintiff thereafter contacted the corporate office for Defendant KeyBank, N.A. and was advised to make another attempt to receive the funds by inquiring at a different local branch for Defendant KeyBank, N.A.

19.     Plaintiff thereafter inquired at the branch location for KeyBank, N.A. located at 3337 Consaul Road, Schenectady, NY 12304.

20.     Plaintiff was advised by a representative of KeyBank, N.A. at the Consaul Road branch that a corporate inquiry would be made in an attempt to locate the account.

21.     Upon returning to this branch, as instructed by a representative of KeyBank, N.A., Plaintiff was advised that no information was secured as a result of the inquiry.

22.     Plaintiff possesses the most recent passbook and the preceding passbook for the account.

23.     The most recent passbook shows a balance of $325,963.58 as of August 2, 2005 and no transactions in the Account since that date.

## AS AND FOR A FIRST CAUSE OF ACTION

24.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "23" above with the same force and effect as if more fully set forth at length herein.

25.     Plaintiff is the owner of the monies deposited in the Account with all the interest accrued thereon.

26.     Plaintiff has the right to withdraw and possess the monies deposited in the Account with Defendant.

27.     Defendant KeyBank, N.A. intentionally interfered with Plaintiff's ownership and possessory rights to the monies on deposit in the Account by denying that Defendant maintained such monies, refusing to turn over to Plaintiff the portion of the sum deposited which Plaintiff sought to withdraw and rejecting Plaintiff's demand in this regard.

28.     Defendant KeyBank, N.A. has thus wrongfully converted the monies deposited in the Account to the detriment of Plaintiff, who is entitled to possession and ownership of such funds.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages.

30.     Plaintiff has suffered damages in a sum to be determined at trial, which sum is no less than $325,963.58, plus interest at the applicable rate or rates.

## AS AND FOR A SECOND CAUSE OF ACTION

31.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "30" above with the same force and effect as if more fully set forth at length herein.

32.     When Defendant accepted possession of monies for deposit into the Account, Defendant assumed the role of bailee in that there was an implied contractual obligation on the part of the Defendant to maintain, safeguard and make the monies available to Plaintiff and/or his late father when either depositor made such demand in his lifetime.

33.     Additionally, Defendant KeyBank and Plaintiff have a contractual relationship of debtor and creditor with an implicit understanding that the bank will pay out the funds on deposit only in accordance with the instructions of Plaintiff as the surviving customer depositor

with Defendant.

34.     Plaintiff has fully performed any obligations, duties, or promises pursuant to the aforesaid contract entered into with Defendant and has complied with all the conditions of said contract.

35.     Defendant has failed to perform Defendant's obligations, duties, agreements and/or promises pursuant to the aforesaid contract entered into with Plaintiff, and has failed to comply with the conditions of said contract.

36.     As a result of Defendant's failures as aforesaid, Defendant has breached the said contract entered into with Plaintiff and has deprived Plaintiff of the deposits and interest to which Plaintiff is legally and contractually entitled.

37.     Plaintiff has duly demanded payment from Defendant.

38.     Defendant has failed and refused to make payment to Plaintiff.

39.     As a result of Defendant's breach of its contractual obligation, Plaintiff has suffered damages.

40.     Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

## AS AND FOR A THIRD CAUSE OF ACTION

41.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "40" above with the same force and effect as if more fully set forth at length herein.

42.     Upon information and belief, when Plaintiff and his late father opened the Account with Defendant, Plaintiff and Defendant entered into a Deposit Account Agreement and Disclosures.

43.     Defendant's refusal to return to Plaintiff, upon his demand, certain monies on deposit in the Account, and to make the remaining funds on deposit available to Plaintiff on his demand, constitutes a breach of Deposit Account Agreement and Disclosures.

44.     As a result of Defendant's breach of the Deposit Account Agreement and Disclosures Plaintiff has suffered damages.

45.     Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

## AS AND FOR A FOURTH CAUSE OF ACTION

46      Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "45" above with the same force and effect as if more fully set forth at length herein.

47.     Defendant owes Plaintiff the sum of $325,963.58 for money had and received from Plaintiff and his late father, plus interest at the applicable legal rate or rates.

48.     Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

## AS AND FOR A FIFTH CAUSE OF ACTION

49.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "48" as if set forth fully herein.

50.     Defendant was enriched at Plaintiff's expense.

51.     It is against equity and good conscience to permit Defendant to retain what Plaintiff seeks and is entitled to recover, i.e. the amount on deposit in the account, plus interest at the applicable legal rate or rates.

52.     Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

## AS AND FOR A SIXTH CAUSE OF ACTION

53.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "52" as if set forth fully herein.

54.     Defendant owed a simple duty of care to Plaintiff with regard to the monies deposited into the Account.

55.     By losing, misplacing or destroying all records related to the Account and the monies deposited therein, by refusing to acknowledge the account and the balance therein and by otherwise being negligent, Defendant has breached its duty of care owed to Plaintiff.

56.     As a direct and proximate result of Defendant's negligence and breach of the duty of care owed to Plaintiff, Plaintiff has suffered damages.

*Page 5 of 7*

57. Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

AS AND FOR A SEVENTH CAUSE OF ACTION:

58. Plaintiff repeats and realleges each and every allegation set forth in paragraph "1" through "57" as if set forth fully herein.

59. A confidential or fiduciary relationship exists between Plaintiff and Defendant.

60. Defendant implicitly or explicitly promised to keep the funds deposited into the account for the benefit of Plaintiff, to make such funds available to Plaintiff, plus interest, and to keep and maintain records of the account and the amount on deposit.

61. Defendant has been unjustly enriched by its breach of said promises to Plaintiff.

62. Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

63. A constructive trust should be deemed to exist whereby Defendant is deemed to hold in trust for Plaintiff's benefit the sum of $325,963.58, plus interest at the applicable legal rate or rates.

AS AND FOR AN EIGHTH CAUSE OF ACTION

64. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "63" above with the same force and effect as if more fully set forth at length herein.

65. Under the Uniformed Commercial Code (UCC) section I-203 "every contract or duty within [the UCC] imposes an obligation of good faith in its performance or enforcement."

66. When Defendant lost, misplaced or destroyed all records regarding Plaintiff's Account and when Defendant refused to return to Plaintiff certain monies on deposit with Defendant or to acknowledge the obligation to pay the account balance as Plaintiff may direct, Defendant breached its duty to Plaintiff due to Defendant's failure, as a lender, to conduct its business with Plaintiff as bank depositor in "good faith".

67.   As a direct and proximate result of Defendant's breach of duty to conduct business with Plaintiff in good faith, Plaintiff has suffered damages.

68.   Plaintiff has been damaged in a sum to be determined at trial but, which sum is no less than $325,963.58, plus interest at the applicable legal rate or rates.

WHEREFORE, based upon all of the foregoing, Plaintiff demands judgment against Defendant in the sum of $325,963.58, plus interest at the applicable rate or rates and for imposition or impression of a trust whereby Defendant is directed to hold in trust for the benefit of Plaintiff such sum of $325,963.58, plus interest at the applicable rate or rates, until such sums are paid to Plaintiff, along with costs and disbursements and such other and further relief the court deems just and proper.

DATED:   November/Ψ, 2017

HIGGINS, ROBERTS & SUPRUNOWICZ, P.C.

By: _____
Michael E. Basile, Esq., of Counsel
Attorneys for Plaintiff
Office and P. O. Address:
1430 Balltown Road
Schenectady, New York  12309
(518) 374-3399

*Page 7 of 7*

**STATE OF NEW YORK**
**SUPREME COURT, COUNTY OF SCHENECTADY**

---

OSMAN DOGAN,

                                        Plaintiff,                    **SUMMONS AND**
                                                                       **COMPLAINT**

            -against-
                                                                       **Index No.**

KEYBANK, N.A.,

                                        Defendant.

---

HIGGINS, ROBERTS & SUPRUNOWICZ, P.C.
ATTORNEYS FOR PLAINTIFF
Office and Post Office Address
**1430 Balltown Road**
**Schenectady, New York 12309**
**(518) 374-3399**

Printed on recycled paper