UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

OSMAN DOGAN,

                                              **Plaintiff,**

  vs.                                                     1:18-cv-205
                                                             (MAD/DJS)

**KEYBANK, N.A.,**

                                              **Defendant.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**HIGGINS, ROBERTS LAW FIRM**        **MICHAEL E. BASILE, ESQ.**
1430 Balltown Road
Schenectady, New York 12309
Attorney for Plaintiff

**MORAN, KARAMOUZIS LAW FIRM**    **ANDREW P. KARAMOUZIS, ESQ.**
265 Sunrise Highway
Suite 61
Rockville Centre, New York 11570
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

      On November 16, 2017, Plaintiff Osman Dogan filed a complaint against Defendant KeyBank, N.A., in the New York State Supreme Court, Schenectady County. *See* Dkt. No. 4. On February 16, 2018, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332(a) by virtue of the fact that complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* Dkt. No. 1. On May 14, 2018, Defendant filed a motion to compel arbitration and dismiss this action. *See* Dkt. No. 17.

Currently before the Court is Defendant's motion to compel arbitration. For the following reasons, Defendant's motion is granted.

## II. BACKGROUND

In the spring of 2017, Plaintiff went to a local branch of KeyBank and attempted to withdraw $10,000. *See* Dkt. No. 4 at ¶ 14. Plaintiff's attempt to withdraw money did not go according to plan; the branch manager informed Plaintiff that the account (the "Account") he was trying to access had been closed. *See id.* at ¶ 16.

According to Plaintiff, he opened the Account with his late father, *see id.* at ¶ 8, at "[s]ometime in the 1970's or early 1980's," Dkt. No. 21 at ¶ 3. The Account was a passbook savings account, which meant that all transactions were recorded within a passbook issued by Defendant. *See id.* at ¶ 9. As of August 2, 2005, the passbook showed a balance of $325,963.58. *See id.* at ¶¶ 8, 10.

According to Defendant, the Account was converted from a passbook savings account to a paper statement savings account in September 2005. *See* Dkt. No. 17-6 at ¶ 9. Defendant claims that the account was closed in November 2006 around the time of Plaintiff's father's death. *See* Dkt. No. 23-2 at ¶ 9. While Defendant has asserted the Account's closing date, Defendant acknowledges that it has no record when the Account was opened. *See id.* Defendant also submitted deposit account agreements from 1996 to 2017, all of which include provisions requiring that disputes be resolved through arbitration. *See* Dkt. No. 17-9 – 17-25; Dkt. No. 17-6 at ¶ 13. According to Defendant, these agreements would govern the terms of the Account. *See* Dkt. No. 17-6 at ¶¶ 11-13.

## III. DISCUSSION

The Federal Arbitration Act ("FAA") states that, upon motion of either party to a contract, a district court shall compel arbitration of claims arising out of that contract if it contains a valid arbitration clause. *See* 9 U.S.C. § 4. When adjudicating a motion to compel, "the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003). "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995). "Accordingly, a court must grant a motion to compel arbitration if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law." *Schapp v. Mastec Servs. Co.*, No. 12-CV-0841, 2014 WL 1311937, *1 (N.D.N.Y. Mar. 31, 2014) (quoting *Ryan v. JPMorgan Chase & Co.*, No. 12 CV 4844, 2013 WL 646388, *2 (S.D.N.Y. Feb. 21, 2013) (citation omitted)). However, "[i]f there is an issue of fact as to the making of the agreement for arbitration, then a trial is necessary." *Bensadoun*, 316 F.3d at 175 (citing 9 U.S.C. § 4).

The terms of the FAA are to be strictly enforced. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). "The Supreme Court has observed that consent is the foundation of arbitration, ... and [the Second Circuit has] emphasized that a party may be compelled to arbitrate a dispute only if he or she has agreed to arbitration." *Filho v. Safra Nat. Bank of New York*, 489 Fed. Appx. 483, 484 (2d Cir. 2012) (citing *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010); *Bell v. Cendant*

*Corp.*, 293 F.3d 563, 566 (2d Cir. 2002)).  Where an initial agreement did not include an arbitration provision, a court may still compel arbitration if the agreement was properly amended to include one.  *See id.* at 484-85.  An amendment is proper if it complied with the procedural terms for modification outlined in the original agreement.  *See id.*

In the case at hand, the Court finds that Defendant has provided sufficient support to establish that the Account is subject to an enforceable arbitration provision.  When Defendant converted all of the Passbook Accounts into Key Saver Accounts, Defendant sent all Passbook Account holders a letter stating that they were discontinuing Passbook Accounts and would be converting all of these accounts into Key Saver Accounts.  The letter not only stated when the conversion would happen, but that the Key Saver Account would be a "new" account.  *See* Dkt. No. 17-8 at 1.  While account holders did not have the option to retain their old account, they had a choice of opting in to the new account, subject to the terms and conditions of a Key Saver Account, or closing their old account and taking their business elsewhere.

Plaintiff has not disputed that Defendant sent a conversion notice in 2005.  The fact that the Account was converted demonstrates consent to the terms and conditions governing Key Saver Accounts, which included an arbitration provision.  When the Account was closed in November 2006 shortly after Plaintiff's father passed away, the governing arbitration agreement was from the January 21, 2006 Deposit Account Agreement, which stated that the "Arbitration Provision shall survive termination of all of your Accounts subject to this Agreement."  Dkt. No. 17-18 at 8.  As such, Defendant has met its burden to show that the Account is subject to an arbitration provision; and, therefore, Defendant's motion to compel arbitration and to dismiss is granted.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to compel arbitration and dismiss (Dkt. No. 17) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 10, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge